CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

August 09, 2024

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Harrisonburg Division)**

| | |
|---|---|
| **DAVID W. GOINGS, JR.**<br><br>Plaintiff,<br><br>v.<br><br>**CHRISTOPHER KING**<br>SERVE:<br>3831 Dry Run<br>Luray, VA 22835<br><br>and<br><br>**GARRETT MOYER**<br>471 Somers Rd.<br>Luray, VA 22835<br><br>Defendants. | Case No. 5:24-cv-00059 |

## COMPLAINT

Plaintiff, David W. Goings, Jr. moves for judgment against the Defendants Christopher King and Garrett Moyer, and in support of his Complaint, alleges as follows:

### PARTIES

1. Plaintiff Goings is a citizen of Arkansas.

2. Defendant King is a citizen of Virginia.

3. Defendant Moyer is a citizen of Virginia.

4. Upon information and belief, at all relevant times Defendant King was an agent or employee of Defendant Moyer.

5. At all relevant times, Defendant King was acting within the scope of his employment, agency, or master-servant relationship with Defendant Moyer.

## JURISDICTION AND VENUE

6. Jurisdiction is founded on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332 as Plaintiff is a citizen of Arkansas and Defendants are both citizens of Virginia, and the amount of controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7. Venue is proper within the Western District of Virginia, Harrisonburg Division, because the events or omissions giving rise to the claims alleged in this Complaint occurred in Page County, Virginia.

## INTRODUCTION AND FACTS

**8.** This is an action for damages suffered by Plaintiff as a direct and proximate result of a motor vehicle crash that occurred on March 29, 2023, in Page County, Virginia, during which crash the Mack truck driven by Defendant King and owned by Defendant Moyer struck Plaintiff's pickup truck in Plaintiff's lane of travel on the driver's side rear and caused the pickup truck to run off the road and overturn.

9. On or about March 29, 2023, Mr. Goings was operating a Dodge Ram pickup truck northbound on Highway 340 in Page County, Virginia near the intersection of Vaughn Summit Road.

10. Highway 340 is a two-lane highway with a southbound and northbound lane separated by a center line.

11. At the same time and place, Defendant King was operating a Mack truck in the northbound lane of Highway 340 behind the Goings pickup truck.

12. At the same time and place, Defendant King caused his Mack truck to cross the center line to pass the Goings' pickup truck.

13. While attempting to pass Goings, Defendant King's Mack truck struck the driver's side rear of the Goings' pickup truck.

14. The impact caused the Goings' pickup truck to turn sideways, cross the center line, run off the roadway on the left, hit an embankment and overturn.

15. Defendant King had a duty to use ordinary care to keep a proper lookout, to keep his vehicle under proper control to operate his vehicle at a reasonable speed under the existing conditions, and to not follow Mr. Goings's vehicle more closely than was reasonable and prudent, having due regard to the speed of both vehicles and the traffic on, and conditions of, the highway at the time.

16. Defendant King breached these duties and was negligent.

17. Defendant Moyer is vicariously liable for the negligence of Defendant King.

18. The crash occurred as a direct and proximate cause of Defendant King's negligence, which caused Mr. Goings to suffer the following damages: severe and permanent bodily injuries; physical pain and mental anguish, past, present, and that which he may be reasonably expected to suffer in the future; inconvenience, past, present, and that which he may be reasonably expected to suffer in the future; medical expenses, past, present, and that which he may be reasonably expected to suffer in the future; loss of earning capacity, past, present, and that which he may be reasonably

expected to suffer in the future; disfigurement and deformity and associated embarrassment; and has otherwise been damaged.

19. Upon information and belief Defendant King was under the influence of an intoxicating substance at the time of the crash.

20. Upon information and belief this incident resulted in Defendant King's second reckless driving charge in approximately two months.

21. Prior to the crash, Defendant King had been aggressively tailgating Goings and beeping his horn.

22. Prior to the crash, Defendant King passed Goings and then slowed his Mack truck to such a speed that Goings was forced to pass King.

23. King then aggressively tried to pass Goings a second time, causing the crash.

24. Defendant King acted under circumstances amounting to a willful and wanton disregard of the Plaintiff's rights.

Trial by jury is demanded.

Plaintiff reserves the right to amend this Complaint as necessitated by discovery.

**WHEREFORE**, Plaintiff prays for judgment and an award of execution against Defendants in the sum of TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00) and an award of punitive damages in the sum of THREE HUNDRED AND FIFTY THOUSAND DOLLARS ($350,000.00) plus costs of this suit, all applicable interest, and such other and further relief as this Court deems just and proper.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

/s/ Michael G. Phelan, Esq.
Michael G. Phelan, Esq. (VSB No. 29725)
Christopher P. Yakubisin, Esq. (VSB No. 91186)
PHELAN PETTY, PLC.
3315 West Broad Street
Richmond, VA 23230
804-767-6316 – Direct
804-767-4601 – Facsimile
mphelan@phelanpetty.com

**ATTORNEYS FOR PLAINTIFF**